UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                              Chapter 11

    53 Stanhope LLC, *et al*,[1]                      Case no. 19-23013 (RDD)
                                                                                   Jointly Administered

                    Debtor.
-----------------------------------------------------------x

STATE OF NEW YORK    )
                                            ) ss:
COUNTY OF NEW YORK  )

        David Goldwasser, as authorized signatory of GC Realty Advisors, LLC, as Vice President, of the jointly administered debtors herein (the "Debtors") deposes and says under penalty of perjury, as follows:

    1.    I am submitting this affidavit under the local rules of this Court in support of each Debtor's Chapter 11 filing.

    2.    On May 20, 2019, each of the Debtors filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code"), except 167 Hart LLC which filed its petition on February 21, 2019.

    3.    These cases involve loans made by Signature Bank to the Debtors in the form of 13 separate notes and mortgages covering 26 properties dating back to September 2012. All of the loans were assigned to Brooklyn Lender LLC ("Brooklyn Lender" or "Mortgagee") on or about May 17, 2017. At that time, each Debtor was current on its payment obligations and not

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D&W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155).

otherwise in default. The principal amount owed on the loans total at the time of transfer to Brooklyn Lender was approximately Twenty-five Million ($25,000,000) Dollars, as follows:

| Debtor | Property | Value | Mortgage Principal |
|---|---|---|---|
| 53 Stanhope LLC<br>325 Franklin LLC<br>(Joint Owners) | 53 Stanhope Street Brooklyn NY<br>325 Franklin Avenue, Brooklyn NY | $3,500,000 | $2,664,019 |
| 119 Rogers LLC | 119 Rogers Avenue, Brooklyn, NY | $3,000,000 | $2,077,307 |
| 127 Rogers LLC | 127 Rogers Avenue, Brooklyn, NY | $3,500,000 | $2,121,334 |
| 167 Hart LLC | 167 Hart Street, Brooklyn, NY | $2,100,000 | $791,396 |
| 106 Kingston LLC | 106 Kingston Ave Brooklyn, NY | $2,100,000 | $730,949 |
| 618 Lafayette LLC | 618 Lafayette Ave<br>Brooklyn, New York | $1,900,000 | $779,122 |
| C&YSW, LLC<br>Natliach LLC<br>(Joint Owners) | 129 South 2nd Street, Brooklyn, NY<br>107 South 3rd Street Brooklyn, NY<br>109 South 3rd Street Brooklyn NY | $9,000,000 | $4,943,431 |
| Eighteen Homes LLC | 263 18th Street, Brooklyn, NY | $1,800,000 | $823,000 |
| 1213 Jefferson LLC | 1213 Jefferson Avenue, Brooklyn, NY | $1,500,000 | $898,840 |
| 92 South 4th LLC<br>834 Metropolitan LLC<br>(Joint Owners) | 92 South 4th Street, Brooklyn, NY<br>834 Metropolitan Ave, Brooklyn, NY | $4,500,000 | $2,236,419 |
| 1125-1131 Greene Avenue, LLC | 1125-1131 Greene Avenue, Brooklyn, NY | $6,000,000 | $3,025,651 |
| APC Holding 1 LLC | 568 Willoughby Avenue, Brooklyn, NY | $3,500,000 | $1,256,364 |
| D&W Real Estate Spring LLC<br><br>Meserole & Lorimer LLC<br>(Joint Owners) | 130 South 2nd Street, Brooklyn, NY<br>318 Bedford A venue, Brooklyn, NY<br>740 Driggs Avenue, Brooklyn, NY<br>144 Huntington Street, Brooklyn, NY<br>68 Carroll Street, Brooklyn, NY<br>342 Rodney Street, Brooklyn, NY<br>178 Meserole Street, Brooklyn NY<br>180 Meserole Street, Brooklyn NY<br>182 Meserole Street, Brooklyn NY<br>440 Lorimer Street, Brooklyn NY | $26,000,000 | $12,897,588 |

4.      Brooklyn Lender LLC was created on May 9, 2017, immediately before it acquired the loans. Upon information and belief, Brooklyn Lender is affiliated with Maverick Real Estate Partners LLC. According to its website, Maverick is a private equity fund manager that

acquires commercial mortgages secured by real estate in New York City. Maverick, Brooklyn Lender and or its affiliated entities actively sought loans in which Chaskiel Strulovitch was the guarantor or principal of the borrower. From correspondence between Maverick and various banks, including Bank United, Maverick requested that the banks default the Strulovitch loans and then assign them.

5. Evidently, Signature refused to default the Debtors. As soon as Brooklyn Lender acquired the loans, it sent its own default notices primarily alleging non-monetary defaults arising from alleged misrepresentations in financial statements Chaskiel Strulovitch submitted with the Debtors' loan applications as the potential guarantor of the mortgages. Brooklyn Lender claims that due to those alleged defaults, it is entitled to 24% default interest retroactive to the loans' origination dates, for a total of more than $15 million more than the principal amount due! This, notwithstanding the fact that the loans are essentially non-recourse with only limited guaranties, so the value of Mr. Strulovitch's stake in the properties listed was not particularly important. Brooklyn Lender also made allegations that Mr. Strulovitch misrepresented the extent of his ownership of a few of the Debtors.

6. Maverick relied upon allegations made against Mr. Strulovitch in the District Court for the Eastern District of New York a month earlier on April 10, 2017, by various Israeli investors alleging that they were entitled to ownership interests in certain properties controlled by Mr. Strulovitch. Those certain properties were among those listed on the financial statement submitted in connection Debtors' loan applications.

7. The Federal Court lawsuit was dismissed in a 47-page Memorandum and Order dated November 2, 2017 (Amon, J.) where the District Court either dismissed or refereed to

3

arbitration plaintiffs' federal securities' claim and declined to retain jurisdiction over plaintiffs' remaining state law claims. The plaintiffs appealed, but then withdrew the appeal. Although the state law claims were dismissed without prejudice for re-filing in state court, no such state claims were filed. Nor have the plaintiffs proceeded with the arbitration of their alleged Federal claims. The Brooklyn Lender's foreclosure case, however, proceeds.

8. Besides the misrepresentations alleged as an event of default, Brooklyn Lender also declared each loan in default for various alleged open water and sewer bills and HPD and DOB violations, as an additional basis for 24% interest.

9. New York law does little to protect a borrower from a bank assigning a loan to a predatory secondary market purchaser seeking to declare a technical non-monetary default to effectuate a forfeiture or windfall profits. In the City of New York where minor building violations are common and often time consuming, expensive and difficult to remove, the consequences of a loan assignment to a predator can be devastating for owners and general unsecured creditors.

10. The Debtors filed these cases to obtain a determination that the default notices were defective and that the loans were not in default. Alternatively, the Debtors seek to effectuate a cure of any default under a Chapter 11 plan pursuant to sections 1124(2)(A) incorporating section 365(b)(2)(D), which does not require the satisfaction of a penalty rate relating to the failure to perform a nonmonetary obligation.

11. Meanwhile, the Debtors shall apply to use cash collateral to maintain the Property and pay debt service. Within its exclusive period the Debtors intend to file a Chapter 11 plan that leaves creditors unimpaired.

Dated: New York, New York
   June 3, 2019

<u>s/David Goldwasser, as authorized signatory of GC Realty Advisors, LLC, as Vice President</u>